IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAY A. SHORTER, SR.,

        Plaintiff,

        v.                                   Civil Action No. 1:09-CV-59

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

### REPORT AND RECOMMENDATION THAT COMPLAINT BE DISMISSED WITHOUT PREJUDICE AND THIS CASE STRICKEN FROM THE COURT'S DOCKET

Plaintiff filed his Complaint, *pro se*, in this action on May 7, 2009.[1] Commissioner filed his answer on July 14, 2009.[2] On September 29, 2009, this Court issued a Notice to Plaintiff regarding the need to file his brief in support of his claim for relief within thirty days.[3] On October 21, 2009, the District Court received the September 29 Notice to Plaintiff labeled "Return to Sender; Unclaimed; Unable to Forward."[4]

The Court has been advised that the typical process for delivering certified mail, by which the September 29 Notice was sent, is to leave notice at the home of the recipient that the post office is retaining certified mail for the recipient. If the recipient does not present to the post office within five days, a second notice is left at the address. If, after two weeks, the

---

[1] Doc. No. 1.

[2] Doc. No. 6.

[3] Doc. No. 9.

[4] Doc. No. 10.

1

recipient has failed to retrieve the certified mail, the mail is marked unclaimed and returned to the sender. The Court has also been advised that mail is labeled "Unable to Forward" if the recipient has moved and failed to provide a forwarding address.

On May 7, 2009, the date the Plaintiff's complaint was filed, Plaintiff was sent Notice of General Guidelines for Appearing Pro Se in Federal Court.[5] Among the guidelines is a specific guideline addressing a *pro se* plaintiff's obligation to keep the Court advised of a current address at all times:

> **Current Address:** Keep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice.

Article III of the Constitution requires that federal courts adjudicate only cases and controversies in which the controversy is live and ongoing. Cook v. Rubenstein, 2009 WL 667179, at 14 (N.D.W.Va. 2009) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477078 (1990)). "A case is moot when the 'issues presented are not longer live or the parties lack a legally cognizable interest in the outcome.'" Id. (quoting Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 249 (4th Cir. 2005)). "Ordinarily, when a plaintiff fails to notify the court of a change of address, the matter is dismissed without prejudice." Id.

The District Court received the certified mail marked "Return to Sender" and "Unable to Forward." It is apparent that Plaintiff has changed his location without notifying the Court as to his most recent address. Thus, Plaintiff has essentially abandoned his claim. Therefore, the Court recommends that this action be **DISMISSED** without prejudice and the case be stricken from the Court's docket.

---

[5] Doc. No. 4.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days of the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: November 6, 2009

>	*/s/ James E. Seibert*
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE